[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The Court makes findings and enters orders as follows:
The parties intermarried on November 8, 1982 in the town of San Jose, Country of Costa Rica.
Both parties have resided continuously in this state for at least twelve months next preceding the date of the filing of the complaint.
The marriage has broken down irretrievably and there is no likelihood of reconciliation.
There is one minor issue of the marriage, namely: Jaime E. Hernandez, born March 4, 1984.
Neither the state of Connecticut nor any town therein is contributing to the support of either party or said minor child.
The marriage is ordered dissolved on the grounds of irretrievable breakdown.
Connecticut General Statutes §§ 46b-81 and 46b-82 have been considered in the determination of the financial orders herein ordered.
The parties shall have joint legal custody of the minor child. The child's primary residence shall be with the plaintiff and the defendant shall have reasonable rights of visitation, as follows:
 The defendant will pick-up his son at 5:30 p. m., every other Friday, and return him to the plaintiff at 5:00 p. m. on Sunday. If the defendant cannot provide care during this time, he must inform the plaintiff and provide for a reliable caregiver to watch his son. The defendant will not be allowed to share a bed with his son.
The defendant is not allowed to drink alcohol during CT Page 4049 the period beginning four hours before a visit is to occur and ending upon return of the child to the plaintiff.
 The defendant will provide visitation transportation, and keep all trips with said child within fifteen miles of his home.
 The defendant shall pay child support in the amount of $70.00 per week, which shall be payable bi-weekly and secured by a wage garnishment through his employment at the University of Connecticut. The Court finds that $70.00 per week is in accordance with child support guidelines, based on the defendant's primary job as a custodian at the University of Connecticut and a second part-time job cleaning the post office in Coventry. The defendant works 35 hours per week at the primary job and 10 hours per week at the post office. In addition to those jobs, he has worked for approximately one month at a Big Y market, approximately 20 hours per week. He does not expect to continue this third job indefinitely and is working at it for the purpose of paying down his attorney's fees in connection with this action. These three jobs total 65 hours per week and the defendant is not expected to maintain that schedule on a permanent basis.
Alimony is not awarded to either party. Both are employed and self-sufficient. While the defendant has been legally blind since 1976, his handicap has not substantially worsened since 1976 and he has been consistently employed. He has a vested retirement plan with Pratt Whitney Aircraft and has a retirement plan with the State of Connecticut. Presumably, he would be eligible for disability type benefits, if he should be unable to work. The Court sees no need for rehabilitative alimony to either party.
The parties have a jointly owned home with gross equity of approximately $29,500. The defendant shall quitclaim his interest in the marital home to the plaintiff within 30 days. The home was built in 1986, principally, with money saved by the defendant from his jobs. The balance of the first mortgage is presently just under $70,000. In 1988, the parties placed a second mortgage on the property, which is presently approximately $25,700. This loan was to enable the defendant to open a small restaurant, which failed after about six months. During this period, the mortgages fell into arrears. Eventually the defendant borrowed approximately $11,000 from private sources to bring the mortgages current, and has paid those monies back. In December 1991 the CT Page 4050 plaintiff obtained a full time job as a DCF social worker and began to help financially with household bills. In August 1994, the defendant moved out of the house because of the marital problems, but continued to pay the mortgages until December 1994. Thereafter the plaintiff has made all the mortgage payments, paid the taxes and insurance for the house. Each party has asked the Court for a 75%-25% split of the equity, but in their own favor.
The plaintiff has paid down the mortgage for over two years at $1300 per month, so has made some contribution toward the equity value, albeit the defendant's earlier contribution was more substantial. On the other hand the defendant is not desirous of requiring his son to move out of the family home at this time.
Therefore, the defendant shall quit claim his interest in the marital home to the plaintiff. The plaintiff shall assume both mortgages and hold the defendant harmless. The plaintiff shall provide the defendant with a promissory note in the amount of $15,000 payable without interest on or before June 30, 1999. Thereafter, if the note is unpaid interest shall accrue on the note at the rate of eight (8)% per year. Said note shall be secured by a mortgage on the marital home.
The plaintiff shall maintain medical insurance for the minor child as available through her employment and the parties shall share equally any uninsured medical or dental expenses. The defendant shall maintain secondary medical insurance for the minor child as available through his employment.
The defendant will pay for one-half (1/2) of the child's educational expenses, including private school tuition.
Each party shall be responsible for the liabilities shown on their financial affidavits.
Each party shall retain his or her own interest in their respective pension plans.
The plaintiff's maiden name, Griselda Vicenta Verastequi Alvarez, is ordered restored.
Klaczak, J. CT Page 4051